UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., | 1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANT'S MERCHANT STOREFRONTS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY |

Plaintiff,

-v-

HEFEI MIKEDE MAGNETIC POWER CO., LTD. d/b/a NEOACT,

Defendant.

22 Civ. 2922 (JPC)

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Defendant** | Hefei Mikede Magnetic Power Co., Ltd. d/b/a NEOACT |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **Complaint** | Plaintiff's Complaint, filed on April 8, 2022 |
| **Authentic Ruby Sliders Product(s)** | Plaintiff's furniture leg cover fits over various sized furniture legs.  The leg cover allows users to move furniture over floors to prevent scratching.  It features a tight, nano-weave material attached to a plastic housing with industrial-strength adhesive. |
| **Ruby Sliders Application** | U.S. Trademark Application No. 90/879,340 for the trade dress, depicted as , for goods in Class 20 |
| **Ruby Sliders Trade Dress** | The trade dress covered by the Ruby Sliders Application, depicted as and defined as "a red pad on a furniture slider that contrasts with the upper portion of the furniture slider" for goods in Class 20 |
| **Plaintiff's Website** | Plaintiff's fully interactive website located at www.rubysliders.com |
| **Plaintiff's Storefront** | Plaintiff's storefront on Amazon.com through which it sells the Authentic Rudy Sliders Product |
| **Infringing Products** | Defendant's products advertised, offered for sale, and/or sold by Defendant via, at a minimum, Defendant's Merchant Storefront (as defined *infra*) on Amazon.com, which bear, use, and/or are offered for sale and/or sold in connection with the Ruby Sliders Trade Dress and/or which bear, use and/or are offered for sale and/or sold in connection with marks and/or artwork that are confusingly similar to the Ruby Sliders Trade Dress and/or which are identical or confusingly similar to the Authentic Ruby Sliders Product |
| **User Account(s)** | Defendant's websites and any accounts with online marketplace platforms such as Amazon.com, as well as any as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendant, and/or its officers, employees, agents, servants, and all persons in active concert or participation with any of them |

| Term | Definition |
|---|---|
| **Merchant Storefront(s)** | Any User Accounts, including, without limitation, on Amazon.com, through which Defendant, and/or its officers, employees, agents, servants, and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with any of them |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Defendant's Merchant Storefronts; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service; and 5) an order authorizing expedited discovery against Defendant and the Third Party Service Providers in light of Defendant's willful infringement of the Ruby Sliders Trade Dress.[1] Having reviewed the application, Declarations of Bala Iyer and Danielle S. Futterman, along with exhibits attached thereto, and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.      Telebrands is a developer, producer, marketer, and distributor of consumer products, and the original creator of the "As Seen On TV" products that Telebrands promotes and sells throughout the United States and the world through major retailers and mass retail outlets, including, but not limited to Wal-Mart, CVS, and Lowe's, as well as through Plaintiff's Website, its retail customers' websites and a network of international distributors, among other channels of trade.

2.      One of Plaintiff's most popular recent products is its Authentic Ruby Sliders Product, a furniture leg cover that fits over various sized furniture legs.  The leg cover allows users to move furniture over floors to prevent scratching.  It features a tight, nano-weave material attached to a plastic housing with industrial-strength adhesive.

3.      Telebrands also advertises, offers for sale, and/or sells its Authentic Ruby Sliders Product via Plaintiff's Storefront.

4.      While Telebrands has gained significant common law trademark and other rights in

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

its Authentic Ruby Sliders Product and Ruby Sliders Trade Dress through its use, advertising, and promotion, Plaintiff's licensor, DaVinci CSJ, LLC ("Licensor"), has also protected the valuable trademark rights by applying for federal U.S. trademark registrations, which are pending, and has licensed them exclusively to Telebrands in the United States.

5.      For example, Licensor is the owner of the Ruby Sliders Application, i.e. U.S. Trademark Application Ser. No. 90/879,340 for the trade dress, depicted as and defined as, "a red pad on a furniture slider that contrasts with the upper portion of the furniture slider," for goods in Class 20.

6.      The Ruby Sliders Trade Dress is currently in use in commerce in connection with the Authentic Ruby Sliders Product.

7.      The Ruby Sliders Trade Dress was first used in commerce on or before the dates of first use as reflected on the Ruby Sliders Application.

8.      Plaintiff has offered evidence that Defendant is not, nor has it ever been, an authorized distributor or licensee of the Authentic Ruby Sliders Product; that neither Telebrands, nor Licensor have ever consented to Defendant's use of the Ruby Sliders Trade Dress, nor did Telebrands or Licensor consent to Defendant's use of any identical or confusingly similar marks or artwork.

9.      Plaintiff is likely to prevail on its Lanham Act claims at trial.

10.      As a result of Defendant's infringement, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages, and injuries before Defendant can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted.  Specifically, the Court finds that:

   a.  Plaintiff has offered evidence that Defendant has offered for sale and sold Infringing Products that infringe the Ruby Sliders Trade Dress; and

2

b.   Plaintiff has well-founded fears that more of Defendant's Infringing Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales in its Authentic Ruby Sliders Product.

11.   The balance of potential harm to Defendant of being prevented from continuing to profit from its illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with the Ruby Sliders Trade Dress if a temporary restraining order is not issued.

12.   Public interest favors issuing a temporary restraining order to protect Plaintiff's interests in and to its Ruby Sliders Trade Dress, and to protect the public from being deceived and defrauded by Defendant's passing off of their substandard Infringing Products as Authentic Ruby Sliders Products.

13.   Service on Defendant via electronic means is reasonably calculated to result in proper notice to Defendant.

## **ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiff's application is hereby **GRANTED** as follows:

### **I. Temporary Restraining Order**

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendant is hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this Order, and for such further period as may be provided by order of this Court:

3

1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products;

2) directly or indirectly infringing in any manner Plaintiff's Ruby Sliders Trade Dress;

3) using Ruby Sliders Trade Dress and/or any other marks that are confusingly similar thereto on or in connection with Defendant's Merchant Storefront(s) and/or Defendant's importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in Infringing Products;

4) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or deceive members of the trade and/or the public as to the affiliation, connection, or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Plaintiff; and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant, Merchant Storefront owned or operated by Defendant, services provided by Defendant, and/or Defendant's commercial activities by Plaintiff;

5) secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents, or any other records or evidence relating to Defendant's Merchant Storefront, and/or the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

6) effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

7) knowingly instructing any other person or business entity to engage in any of the activities referred to in Subparagraphs I(A)(1) through I(A)(6) above, and I(B)(1) through I(B)(2) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with any computer files, data, business records, documents, or any other records or evidence relating to Defendant's User Accounts and Merchant Storefronts;

2) within five (5) days after receipt of service of this Order, providing services to Defendant, including, without limitation, those relating to the continued operation of Defendant's User Accounts and Merchant Storefronts, the shipment of Defendant's Infringing Products, and the listing and/or display of Defendant's Infringing Products (i.e., by removing any listings for Defendant's Infringing Products and disabling any product identification numbers or ASIN(s) related to the same); and

3) knowingly instructing any person or business entity to engage in any of the activities referred to in Subparagraphs I(A)(I) through I(A)(6), and I(B)(1) through I(B)(2) above.

## II. Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendant is hereby ORDERED to show cause before this Court in a teleconference on April 26, 2022, 5:00 p.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65(a), should not issue.  At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 2520, New York, NY 10165, Attn: Jason M. Drangel on or before April 24, 2022.  Plaintiff shall file any Reply papers on or before April 25, 2022.

C. IT IS FURTHER ORDERED that Defendant is hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Federal Rule of Civil Procedure 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## III. Order Authorizing Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to Federal Rule of Civil Procedure 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendant if it is completed by the following means:

1) delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's application seeking this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this lawsuit accessible through ipcounselorslawsuit.com) where Defendant will be able to download PDF copies of this

6

Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's application seeking this Order to Defendant's e-mail addresses to be determined after having been identified by Amazon pursuant to **Paragraph IV(B)** or may otherwise be determined.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendant and the Third Party Service Providers throughout the pendency of this action.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Third Party Service Providers' compliance with **Paragraph IV(B)** of this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1)  delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order, and (iii) a link to a secure website where Amazon will be able to download a PDF copy of this Order via electronic mail to Deana Ahn counsel for Amazon, at deanaahn@dwt.com.

**IV. Order Authorizing Expedited Discovery**

A.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days after receiving service of this Order, Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

    a.  its true name and physical address;

    b.  the name and location and URL of any and all websites that Defendant owns and/or operates and the name, location, account numbers, and URL for any and all User

Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendant owns and/or operates;

c.  the complete sales records for any and all sales of Infringing Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars), and the dates thereof; and

d.  the steps taken by each Defendant, or other person served, to comply with **Section I** above.

2)  Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendant shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3)  Plaintiff may serve requests for the production of documents pursuant to Federal Rule of Civil Procedure 26 and 34, and Defendant shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any of Defendant's User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendant, Defendant's User Accounts and Defendant's Merchant Storefronts, contact information for Defendant (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in their possession, custody, or control (whether located in the U.S. or abroad) relating to Defendant's User Accounts and Defendant's Merchant Storefronts, including, but not limited to, documents and records relating to:

   a. any User Accounts and Defendant's Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any User Accounts and Defendant's Merchant Storefronts that Defendant has ever had and/or currently maintains with the Third Party Service Providers that were not previously provided pursuant to **Paragraph IV(B)**;

   b. the identities, location, and contact information, including any e-mail addresses of Defendant that were not previously provided pursuant to Paragraph **IV(B)**; and

   c. Defendant's manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Infringing Products, or any other products bearing the Ruby Sliders Trade Dress and/or marks and/or artwork that are confusingly similar to, identical to and/or constitute an infringement of the Ruby Sliders Trade Dress.

## V. Security Bond

A.  IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of $5,000 with

the Court, which amount is determined adequate for the payment of any damages any person

may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.


**SO ORDERED.**

SIGNED April 14, 2022, at 4:15 p.m.

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE

10